UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)　　　2:18-CR-00017-DCLC-CRW
　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
GERALD LYNN BRUMMETT,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　)

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Gerald Brummett's Motion for Compassionate Release [*Motion*, Doc. 1905; *Supplement*, Doc. 1912; *Reply*, Doc. 1917] and Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) – Amendment 821 [*Pro Se Motion*, Doc. 1950; *Amended Motions*, Docs. 2060, 2074; *Supplement*, Doc. 2075; *Attorney-Filed Motion*, Doc. 2079]. The United States (the "Government") responded in opposition to both motions [Docs. 1916, 2084]. For the reasons stated herein, Defendant's motion for compassionate release is **DENIED**, and his motion for sentence reduction under Amendment 821 is **GRANTED**.

I.　　　**BACKGROUND**

On July 19, 2018, Defendant pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). [*See* Docs. 458, 482]. Based on a total offense level of 29 and a criminal history category of V, Defendant's advisory guideline range was 140 to 175 months [Doc. 586, ¶ 73]. The Court sentenced Defendant to 140 months' imprisonment [Doc. 956]. Defendant is currently housed at FCI Sheridan with a projected release date of August 2,

1

2029. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 7, 2026). He now seeks compassionate release or a sentence reduction pursuant to Amendment 821.

## II.  MOTION FOR COMPASSIONATE RELEASE

### A.  Legal Standard

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the authority to modify a defendant's sentence and grant compassionate release

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…

18 U.S.C. § 3582(c)(1)(A).

Pursuant to this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of the administrative remedies is a "mandatory condition" to defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

In addition to the procedural requirements, Section 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission

2

policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Additionally, the Sixth Circuit has clarified that when the defendant, rather than the BOP, files a motion for compassionate release, the Court "may skip step two of the [Section] 3582(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling' without consulting the policy statement in [U.S.S.G.] § 1B1.13." *Jones,* 980 F.3d at 1111.

### B. Analysis

The Government does not dispute that Defendant has satisfied the procedural exhaustion requirement. Rather, the Government argues that Defendant has not established any extraordinary and compelling reason for his release.

Defendant seeks compassionate release to care for his father and assist "with his routine daily activities which he can no longer carry out by himself." [Doc. 1905, pg. 6]. Defendant's father submitted a declaration stating that as a result of the carotid artery stenosis or stroke he suffered in July 2023, he cannot drive, he suffers from limited mobility, has vision issues and has complications with his memory. [Doc. 1912]. His father further stated that having his son around "would be a tremendous help" that "would make the difference in being able to survive and live in humane conditions." [*Id.*].

While the Court is sympathetic to his father's condition, which is no doubt serious, it is not an "extraordinary" or even uncommon situation warranting compassionate release. "Incarcerated people commonly leave innocent partners, parents, and children to fend for themselves as a result of criminal conduct." *United States v. Williams*, No. 1:17-cr-103, 2020 WL 3502819, at \*3 (S.D. Ohio June 29, 2020); *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at \*2 (S.D. Ohio

3

July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Accordingly, because Defendant has not established any extraordinary and compelling reason for his release, the motion is **DENIED**.  *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (a court may deny compassionate release when any of the substantive requirements are not met).

## III.	MOTION FOR REDUCTION IN SENTENCE UNDER AMENDMENT 821

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted).  Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable amendment. 18 U.S.C. § 3582(c)(2).  When determining whether to grant a sentence reduction under § 3582(c)(2), a court must first "determine the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing," then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Part A of Amendment 821, which took effect on February 1, 2024, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence.  U.S.S.G. § 1B1.10(d). It amended § 4A1.1 (Criminal History category) so that defendants with six or less criminal history points would no longer receive any status points and those defendants with more than six criminal

history points would receive one status point, rather than two.  *See* U.S.S.G. § 1B1.10, cmt. 7.

At the time of sentencing, Defendant received ten criminal history points, two of which were status points.  If he were sentenced today, he would receive one status point.  That would reduce his criminal history points from ten to nine and would place him in criminal history category IV.  His corresponding guideline range would be 121-151 months' imprisonment.

Defendant asks this Court to reduce his sentence to 121 months' imprisonment, the bottom of the amended guidelines range.  This, he argues, would be consistent with his original sentence of 140 months, which was the bottom of the then-applicable guideline range.  The Government acknowledges that the Court has discretion to grant that request and reduce his sentence, but highlights that the Court could reasonably exercise its discretion and either grant a lesser reduction or none at all based on the severity of the offense, and his post-sentence conduct.  *See* U.S.S.G. § 1B1.10, cmt. 1(B).

At first glance, Defendant's post-sentencing conduct appears poor.  The Bureau of Prisons considers Defendant a medium risk of recidivism, he has incurred two disciplinary infractions, and he indicated "no interest" in the residential drug abuse treatment program (RDAP) this Court recommended.  However, Defendant's explanation of these records places him in a better light.  According to Defendant's Correctional Counselor at FCI Sheridan, he was not involved in the first disciplinary incident he was cited for—he was simply present in the area and told two inmates who were fighting to stop.  His counselor confirmed that "there was no other 'code' BOP staff could have put in place to handle the situation." [Doc. 2079, pg. 7].  Defendant claims that his second infraction, for refusing to return to general population, occurred because there was gang activity in the yard, and he refused to go there. [*Id.*].  Defendant also explains that while the BOP records indicate that he has "no interest" in RDAP, he is in fact on the waitlist but cannot begin the program

until August 2026. In the meantime, he completed Drug Education programming. Additionally, Defendant has held various work assignments throughout his incarceration, he serves as the head orderly for his unit, and he has completed 72 hours of educational programming.

Upon consideration of his post-conviction behavior and the 3553(a) factors, the Court finds that a sentence reduction is appropriate as a result of the change in his amended guideline range. After having reviewed the PSR, it is the judgment of the Court that Defendant's sentence should be **REDUCED** to **121 months' imprisonment.**

## IV.     CONCLUSION

For the reasons stated herein, Defendant's motion for compassionate release [Doc. 1905] is **DENIED**. His motions seeking a reduction in sentence pursuant to Amendment 821 [Docs. 1950, 2074, 2079] are **GRANTED** and Defendant's sentence is **REDUCED** to **121 months' imprisonment**.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge

6